**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON**

| | | |
|---|---|---|
| **ROBERT A. MCDONALD, II,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 2:20-CV-87-DCR-MAS |
| | ) | |
| **TERRY CARL, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

The District Judge referred this matter to the undersigned for purposes of pretrial management and preparation of proposed findings of fact and conclusions of law on any dispositive motions. [DE 16]. Defendants Jailer Terry Carl ("Carl") and David Sueholtz, M.D. ("Sueholtz") each filed a Motion to Dismiss for Lack of Prosecution. [DE 24 and 25]. Because Plaintiff Robert A. McDonald, II ("McDonald") appears to have abandoned this lawsuit, the Court recommends granting those motions and dismissing this case with prejudice. Alternatively, and as an independent basis for the same result, the Court recommends dismissal for failure to maintain updated contact information with the Clerk.

**I.    BACKGROUND**

In June 2020, McDonald, proceeding *pro se*, filed this civil-rights lawsuit under 42 U.S.C. § 1983 against then Kenton County Detention Center (KCDC) Jailer Terry Carl in his individual capacity and David Sueholtz, M.D. McDonald, an inmate at the facility, alleged that Carl and Sueholtz were deliberately indifferent to his mental health needs because they did not properly medicate him. McDonald sought damages and injunctive relief. [DE 1]. McDonald filed a motion for an extension of time and additional injunctive relief on October 5, 2020. [DE 20]. That motion

was denied, and neither the defendants nor the Court have heard from McDonald since. McDonald did not respond to the motions to dismiss currently before the Court. McDonald was released from the Kenton County Detention Center on January 27, 2021. [DE 24-1]. He did not provide a forwarding address to the Court.

## II.     ANALYSIS

Local Rule 5.3(e) requires "[a]ll pro se litigants must provide written notice of a change of residential address, and, if different, mailing address, to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions." LR 5.3(e). In addition to the Local Rule permitting dismissal for failure to update his address, "Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court." *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). *See* FED. R. CIV. PRO. 41. ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). "On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. On the other hand is the policy which favors disposition of cases on their merits. In recognizing those competing concerns, this circuit has stated that dismissal of an action is a harsh sanction which the court should order only in extreme situations where there is a showing of a clear record of delay or contumacious conduct by the plaintiff." *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993)(citations omitted).[1]

---

[1] As to the merits of this case, the Court makes no recommendation, but notes that McDonald sought injunctive relief related to his medications. Now that he has been released, at least this claim for relief appears moot.

The Court warned McDonald repeatedly of the change of address notice requirement and the risk of noncompliance, including dismissal of his case.[2] Per the record, this notice and the Orders reiterating it were sent to McDonald at the KCDC via mail on June 22, 2020, June 23, 2020, and September 2, 2020. McDonald subsequently communicated with the Court from the facility in October 2020. [DE 20]. McDonald has taken no steps to comply with LR 5.3(e), apprise the Court of his whereabouts, conduct discovery, or otherwise litigate this matter since October 2020. McDonald has willfully refused to participate in this lawsuit, prejudicing the defendants with the expenditure of attorneys' fees, and was repeatedly warned that he must update his address to pursue his claims. *See Evans v. Liberty Ins. Corp.*, 702 Fed. Appx. 297, 299 (6th Cir. 2017)(setting forth factors for Rule 41(b) dismissal). The Court finds there is a "clear record" of "contumacious conduct by the plaintiff" herein. *Little* at 162. Accordingly, the Court finds that dismissal of this case is appropriate.

### III.   CONCLUSION

For the reasons stated herein, and pursuant to to LR 5.3(e) and Fed. R. Civ. P. 41(b), the Court **RECOMMENDS** that the District Judge **GRANT** DE 24 and 25 and **DISMISS** this case in its entirety, **with prejudice**.[3]

---

[2] *See* DE 5, at Page ID # 17 ("If your mailing address or telephone number changes, you must **immediately** file a written Notice of Change of Address form. If you don't, the Court might rule against you on a motion or dismiss your case because it cannot contact you.") (emphases in original); DE 6 at Page ID # 21 ("McDonald must immediately advise the Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case."); DE 7 at Page ID # 23 ("Finally, McDonald must immediately advise the Clerk's Office of any change in his current mailing address. The case will be dismissed if he fails to comply."); DE 23 at Page ID # 106 ("The plaintiff shall keep the Clerk of the Court informed of his current mailing address. Failure to notify the Clerk of any address change may result in a dismissal of this case.").

[3] A dismissal under Rule 41(b) operates as an adjudication on the merits.

Pursuant to FED. R. CIV. P. 72 and 28 U.S.C. § 636(b)(1)(B), the parties shall have fourteen days to file objections to this Report and Recommendation, for de novo consideration by Chief Judge Reeves.

Entered this the 19th day of July, 2021.



Signed By:
Matthew A. Stinnett   MAS
United States Magistrate Judge